IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARVEY C. SPENCER,           *

    Plaintiff,              *

v.                           *    Civil Action No. GLR-18-283

PFC JESSIE GUESSFORD, et al., *

    Defendants.             *

*****

## MEMORANDUM OPINION

Pending before the Court is Defendants PFC Jessie Guessford and Det. Edward Howard's (collectively, "the Officers") Motion to Dismiss (ECF No. 7). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the Court will deny the Motion.

### I.    BACKGROUND[1]

The facts of this case are not entirely clear from Plaintiff Harvey C. Spencer's Complaint. (See Compl., ECF No. 1). The Complaint, which consists of a 42 U.S.C. § 1983 (2018) form and a handwritten statement, names the Officers and Ray Klekotka as Defendants[2] but does not identify the right or rights they allegedly violated. (Id. at 1–2).[3]

---

[1] Unless otherwise noted, the Court takes the following facts from Spencer's Complaint, (ECF No. 1), and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[2] Spencer has not named the State of Maryland as a Defendant in this case. The Court will, therefore, order the Clerk to terminate the State of Maryland as a Defendant.

[3] Citations to the Complaint are to the page numbers the Court Management/ Electronic Case Files ("CM/ECF") system assigned.

The Court takes judicial notice[4] of the docket from Spencer's criminal case in the Circuit Court for Dorchester County, Maryland, which he cites in the Complaint. (Id. at 3). According to the docket in that case, the incident that forms the basis of the Complaint occurred on June 29, 2015. (No. 09-K-15-015654, Docket, Cir. Ct. Dorch. Cty.). After a trial on February 11, 2016, a jury convicted Spencer of two misdemeanors—theft of under $1,000.00 and resisting arrest—and acquitted him of several other charges, including felony counts of assaulting a law enforcement officer and disarming a law officer. (Id.). The state court sentenced him to four-and-a-half years in prison, (id.), which he is serving at the Eastern Correctional Institution Annex in Westover, Maryland, (Compl. at 1). The Complaint's handwritten statement includes excerpts or summaries of testimony from Spencer's criminal trial. (Compl. at 2). As to Klekotka, the summary concerns the location of certain pieces of evidence. (Id.).[5] As to the Officers, the Complaint states:

> PFC Jessie Guessford:
> He said I mean, he made no threats. He wasn't tr[y]ng to fight[.] This man hit me in the face [sixteen] time[s] and was on top of me[;] said I'll kill you dead. [illegible]

---

[4] Under Federal Rule of Evidence 201, the Court is free to take judicial notice of a matter of public record if it "is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2).

[5] Klekotka has not yet been served, but the Court will not require him to be served because Spencer has not stated a claim against him. The Complaint's discussion of Klekotka is limited to recounting Klekotka's testimony that he did not possess certain pieces of evidence. (See Compl. at 2). It is unclear what constitutional right Klekotka allegedly violated based on this testimony. Spencer neither mentions Klekotka in his later filings clarifying his excessive force claim, nor does he allege that Klekotka was involved in the excessive force incident. The Court will, therefore, dismiss the Complaint as to Klekotka.

> Detective Edward Howard: was choking me and said he saw my head hit the as[phalt] so many time[s] he lost count. And my blood was on his shirt. Mr. Spencer['s] blood. I was acquitted of the most serious charges with them!

Id. (some capitalization altered).

On January 26, 2018, Spencer sued the Officers and Klekotka. (ECF No. 1). On September 6, 2018, the Officers filed their Motion to Dismiss. (ECF No. 7). On Spencer 17, 2018, Spencer filed an Opposition. (ECF No. 10).[6] On October 9, 2018, the Officers filed a Reply. (ECF No. 11).

## II.  DISCUSSION

### A.  Standard of Review

The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially

---

[6] The Court received Spencer's Opposition on September 26, 2018, but it is deemed filed as of the date Spencer submitted it for mailing. See Houston v. Lack, 487 U.S. 266 (1988). Spencer also filed a Supplement on September 10, 2018, which the Court received and docketed on September 14, 2018. (ECF No. 9). Because Spencer filed his Supplement several months after his Complaint and after the Officers filed their Motion, the Court will not consider its allegations in resolving the Motion. See Fed.R.Civ.P. 15(a), (d).

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of America, N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom. Goss v. Bank of America, NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10

(1980). But "even a pro se complaint must be dismissed if it does not allege 'a plausible claim for relief.'" Forquer v. Schlee, No. RDB–12–969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (quoting Iqbal, 556 U.S. at 679). "While pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).

**B.    Analysis**

The Officers argue that Spencer's suit should be dismissed because "§ 1983 does not authorize a convicted person to assert a claim for damages against a police officer for giving perjured testimony at his criminal trial." (Mot. Dismiss at 2–3, ECF No. 7). Spencer counters that he cited the Officers' testimony in support of a claim for excessive force, not perjury. The Court agrees with Spencer that he has stated a claim for excessive force.

According to the Officers, the Complaint questions "the truthfulness and/or accuracy of the alleged testimony," (id. at 2), and raises a perjury claim, not one for excessive force. Considering Spencer's pro se status, the Court declines to read the Complaint so narrowly. The Complaint does not expressly state that Spencer's claim is for excessive force, nor does it claim the Officers committed perjury. Rather, Spencer offers specific facts from which the Court may infer a particularized excessive force claim. The Complaint alleges that Guessford "hit [Spencer] in the face [sixteen] times" and that Howard was "choking" him. (Compl. at 2). These facts form the basis of a claim for

5

excessive force under the Fourth Amendment to the U.S. Constitution.[7] To be sure, Spencer's Complaint is far from a model of clarity, and the Officers' reading of it is not unreasonable. Through the lens of liberal construction, however, and considering the facts alleged, Spencer states a claim for excessive force under § 1983. Erickson, 551 U.S. at 94. Accordingly, the Court will deny the Officers' Motion to Dismiss.

Because Spencer has stated a claim for excessive force but will face difficulty pursuing it because he is incarcerated, the Court will appoint pro bono counsel to represent him.

### III. CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint without prejudice as to Klekotka and deny the Officers' Motion to Dismiss. A separate Order follows.

_6/25/19_____     _____/s/_____
Date                                    George L. Russell, III
                                        United States District Judge

---

[7] The U.S. Supreme Court has concluded that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395 (1989).

6